UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

NIGEL MAURICE JOHNSTON,

Plaintiff,

v.

DAVID FOSTER WHEELER,

Defendants, et. al.

CASE NO. C14-527 MJP

ORDER GRANTING MOTION TO QUASH SERVICE OF PROCESS AND DISMISS COMPLAINT

THIS MATTER comes before the Court on Defendants David Foster Wheeler, Jane Doe Wheeler, Wheeler Maritime International, Inc., and Wheeler and Associates, LLC's ("Defendants") motion to quash service of process on all Defendants and dismiss Plaintiff Nigel Maurice Johnston's ("Johnston") complaint for insufficient service of process and lack of personal jurisdiction. (Dkt. No. 20.) The Court reviewed the motion, the response (Dkt. No. 28), and all related papers. The Court GRANTS Defendants' motion to quash service on all Defendants and DISMISSES Plaintiff's complaint without prejudice.

**Background**

On July 22, 2014, Defendant David Foster Wheeler ("Wheeler") received an email message from someone claiming to be Walter Browne ("Browne") while he was vacationing in Colorado. (Dkt. No. 20 at 2.) Brown stated that he wanted a marine surveyor to carry out a full pre-purchase survey of a 64-foot expedition yacht moored on Lake Union in Seattle, Washington. (Id.) Browne also stated that he would require delivery of the vessel to Chile if he decided to purchase it. (Id.)

Wheeler and Browne arranged to meet on July 28, 2014 in the lobby of the Fairmont Olympic Hotel in Seattle. (Id.) They planned to view the vessel after initial discussions in the hotel lobby. (Id.) Defendants allege that Wheeler left Colorado and flew to Seattle for the July 28 meeting, but could not find Browne at the hotel. (Id.) They contend Wheeler sent an email to Browne who claimed he had been delayed but was on his way to the Fairmont Olympic Hotel. (Id.) Defendants assert that a short time later, someone dressed as a UPS driver approached Wheeler and served him with the summons and complaint. (Id. at 2-3.) They allege that no one named Walter Browne ever appeared at the Fairmont Olympic Hotel and that Wheeler returned to Colorado after he was served. (Id.)

Defendants move to quash service of the summons and complaint on all Defendants on the grounds that: (1) service on Wheeler was invalid because he was falsely lured into the jurisdiction solely for the purpose of procuring service of process; (2) service on the remaining Defendants is invalid for the same reasons that service on Wheeler is invalid; and (3) there can be no proper service on Wheeler and Associates, LLC because it ceased its legal existence over four years ago (Dkt. No. 20 at 3-6).

**Analysis**

I.   Motion to Dismiss or Quash

    A.  Legal Standard

Dismissal is appropriate under Federal Rule of Civil Procedure 12(b)(5) for insufficiency of service of process. The party on whose behalf service is made has the burden of establishing validity of service. WRIGHT & MILLER, FEDERAL PRACTICE AND PROCEDURE § 1353 (3d ed. 2014). Factual questions concerning a 12(b)(5) motion, regarding the manner in which service was executed, may be determined by the Court through affidavits, depositions, or oral testimony. Id. Furthermore, dismissal is inappropriate if the Court may simply quash the service. Umbenhauer v. Woog, 969 F.2d 25, 30 (3rd Cir.1992); Montalbano v. Easco Hand Tools, 766 F.2d 737, 740 (2nd Cir.1985).

    B.  Service on David Foster Wheeler and other Defendants

A state has power to exercise judicial jurisdiction over an individual who is physically present within its territory, whether permanently or temporarily, if at the time he is properly served with process. Pennoyer v. Neff, 95 U.S. 714, 722 (1877). An exception to this principle exists "if a person is induced by artifice or fraud to come within the jurisdiction for the purpose of procuring service of process, such fraudulent abuse of writ shall be set aside upon proper showing." Commercial Mutual Accident Co. v. Davis, 213 U.S. 245, 256 (1909). Courts have held that this is true even if the plaintiff's agent or attorney induces the defendant to enter the jurisdiction. K Mart Corp. v. Gen-Star Indus. Co., 110 F.R.D. 310, 311-12 (E.D. Mich. 1986).

Johnston or his agents used artifice to cause Wheeler to enter the jurisdiction in order to procure service of process. Johnston does not deny sending Wheeler emails from Walter Browne, and evidence before the Court shows either Johnston or his agents sent the emails. See e.g. Declaration of Joshua Douglas, ¶1 (Dkt. No. 30 at 3.) ("On July 28, I was dispatched by my

supervisor to attempt service of process . . . I was informed that Davis Foster Wheeler would be at the Fairmont Olympic Hotel lobby in Seattle on July 28, 2014 at a specified time.")

Nonetheless, Johnston argues service is valid because Wheeler was already going to be in Washington for business at the time he was served. (Dkt. No. 28 at 4.) Johnston argues Wheeler's pre-service of process emails demonstrate Wheeler was already planning to return to Seattle as of June 27, 2014 and that he was coming to Seattle in order to meet with his staff for training, among other things. (Id. at 4-5.); (Dkt. No. 21-6 at 5); (Dkt. No. 21-5 at 2.) Johnston relies on cases that have held that where a defendant is voluntarily in the jurisdiction (i.e. is not lured by plaintiff) and is served with process, service of process is valid. See Hammett v. Hammett, 424 N.Y.S. 2d 913 (1st Dept. 1980); see also Schwartz v. Artcraft Silk Hosiery Mills, 110 F.2d 465 (2d Cir. 1940). Johnston also contends Wheeler's significant contacts with Washington lend weight to the argument that Wheeler was in the state on business when he was served. (Dkt. No. 28 at 2-3.)

Johnston's argument is unavailing. Defendants' evidence shows "the contemplated staff training was to have been hands-on training done in conjunction with the survey for 'Walter Brown'" and "because there was no vessel to survey, no training could be conducted, and Wheeler returned to Colorado the next morning; he had no other reason to be in Washington." (Dkt. No. 34 at 5.); and see Reply Declaration of David Foster Wheeler, ¶ 6 (Dkt. No. 35 at 2.) Because Johnston or his agents used artifice to cause Wheeler to enter the jurisdiction in order to procure service of process, the Court GRANTS Defendants' motion to quash service on Wheeler.

Johnston served the remaining Defendants by serving Wheeler. (Dkt. No. 30 at 2.) Because service upon Wheeler is void, service upon the remaining Defendants is also void.

Accordingly, the Court GRANTS Defendants' motion to quash service on the remaining Defendants.

Johnston filed his complaint on April 8, 2014. (Dkt. No. 1.) Accordingly, the time period for service expired on August 8, 2014. Fed. R. Civ. P. 4m. This Court's Order granting Johnston's motion to reopen this case did not extend the time period for service. (Dkt. No. 12.) Because Johnston did not properly serve Defendants before the time period for service had elapsed, the Court DISMISSES Johnston's complaint without prejudice.

II. Jurisdictional Discovery

Johnston asks for leave to conduct jurisdictional discovery to ascertain whether Wheeler was in Washington on July 28, 2014 on business. (Dkt. No. 32 at 3.) Leave to take jurisdictional discovery should be permitted when "pertinent facts bearing on the question of jurisdiction are in dispute" or where a more satisfactory showing of the facts is necessary. Am. W. Airlines, Inc. v. GPA Grp., Ltd., 877 F.2d 793, 801 (9th Cir. 1989) (citing Wells Fargo & Co. v. Wells Fargo Exp. Co., 556 F.2d 406, 430–31 n. 24 (9th Cir. 1977)). The only issue in dispute is whether Johnston caused Wheeler to enter Washington in order to procure service of process. The evidence on this record shows Johnston did in fact cause Wheeler to enter Washington. Because a more satisfactory showing of the facts is not necessary, the Court DENIES Johnston's request.

**Conclusion**

Because Johnston or his agents induced Wheeler to enter the jurisdiction in order to procure service of process, the Court GRANTS Defendants' motion to quash service on all Defendants and DISMISSES Plaintiff's complaint without prejudice.

The clerk is ordered to provide copies of this order to all counsel.

Dated this 20th day of November, 2014.

Marsha J. Pechman
United States District Judge

ORDER GRANTING MOTION TO QUASH SERVICE OF PROCESS AND DISMISS COMPLAINT- 6